**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division**

| | | |
|---|---|---|
| SILKROAD TRANZ, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C. A. No. 3:24cv13-REP |
| | ) | |
| PAYNE TRUCKING COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## ANSWER TO PLAINTIFF'S COMPLAINT

The Defendant, Payne Trucking Company ("Payne"), by counsel, states the following in Answer to Plaintiff Silkroad Tranz, Inc.'s Complaint (Dkt. 1[1]) in the above-captioned action.  For the reasons stated herein, the Court should enter judgment against Plaintiff and in favor of Payne.

1.      Paragraph 1 of the Complaint states legal conclusions that do not require a response. To the extent that Paragraph is deemed to state allegations of fact, Payne denies them.

2.      Paragraph 2 of the Complaint states legal conclusions that do not require a response. To the extent that Paragraph is deemed to state allegations of fact, Payne lacks sufficient information to admit or deny those allegations and, on that basis, it denies them.

3.      Paragraph 3 of the Complaint states legal conclusions that do not require a response. To the extent that Paragraph is deemed to state allegations of fact, Payne admits that it is a corporation organized and existing under the laws of the State of Ohio, and that it has an office at the address alleged.  Payne denies any and all other allegations of fact that Paragraph 3 might be construed to state.

---

[1]      Documents that are already contained in the Court's record of this action are referenced herein by their ECF document numbers, abbreviated for citation herein as "Dkt. __."

4.      Paragraph 4 of the Complaint states legal conclusions that do not require a response. To the extent that Paragraph is deemed to state allegations of fact, Payne admits that it has an office located at the addressed alleged in Paragraph 3 of the Complaint, and Payne avers that it lacks sufficient information to admit or deny any and all other fact allegations that Paragraph 4 might be construed to state; on that basis, Payne denies any such allegations.

5.      Paragraph 5 of the Complaint states legal conclusions that do not require a response.

6.      Paragraph 6 of the Complaint states legal conclusions that do not require a response.

7.      Payne lacks sufficient information to admit or deny the allegations in Paragraph 7 of the Complaint and, on that basis, it denies them.

8.      Paragraph 8 of the Complaint states legal conclusions that do not require a response. To the extent that Paragraph might be construed to state allegations of fact, Payne lacks sufficient information to admit or deny those allegations and, on that basis, it denies them.

9.      Paragraph 9 of the Complaint states legal conclusions that do not require a response. To the extent that Paragraph might be construed to state allegations of fact, Payne lacks sufficient information to admit or deny those allegations and, on that basis, it denies them.

10.      Payne lacks sufficient information to admit or deny the allegations in Paragraph 10 of the Complaint and, on that basis, it denies them.

11.      Paragraph 11 of the Complaint states legal conclusions that do not require a response.  To the extent that Paragraph might be construed to state allegations of fact, Payne admits that on or about the date alleged it brokered a shipment of salt pallets from a seller in New Yor to the purchaser, Chesapeake Spice Company ("CSC"), as described in Paragraph 11.  Payne denies all other fact allegations that Paragraph 11 might be construed to state.

12.    Paragraph 12 of the Complaint states legal conclusions that do not require a response.  To the extent that Paragraph might be construed to state allegations of fact, Payne admits that one of Plaintiff's drivers damaged part of the landscaping at CSC's business premises in the course of delivering the salt shipment to CSC.  Payne denies any and all other fact allegations that Paragraph 12 might be construed to state.

13.    Paragraph 13 of the Complaint states legal conclusions that do not require a response.  To the extent that Paragraph might be construed to state allegations of fact, Payne avers that the alleged "Damage Claim Form" is a document that speaks for itself, and Payne denies all allegations that are inconsistent with that document.  Payne admits that on or about the date alleged, CSC emailed the alleged "Damage Claim Form" to Payne, and that Payne did not forward the email to Plaintiff at that time.  Payne lacks sufficient information to admit or deny any and all other fact allegations Paragraph 13 might be construed to state and, on that basis, it denies them.  Payne further denies that before March 2, 2023, Plaintiff was unaware of the damage it had caused CSC. On the contrary, Plaintiff was well aware no later than January 26, 2023, that it had damaged CSC's property.

14.    Paragraph 14 of the Complaint states legal conclusions that do not require a response.  To the extent that Paragraph might be construed to state allegations of fact, Payne lacks sufficient information to admit or deny those allegations and, on that basis, it denies them.

15.    Paragraph 15 of the Complaint states legal conclusions that do not require a response.  Payne avers that the federal regulation cited and paraphrased in Paragraph 15 speaks for itself, and Payne denies all allegations that are inconsistent with the regulation.

16.     Paragraph 16 of the Complaint states legal conclusions that do not require a response. To the extent that Paragraph might be construed to state allegations of fact, Payne lacks sufficient information to admit or deny those allegations and, on that basis, it denies them.

17.     Paragraph 17 of the Complaint states legal conclusions that do not require a response. To the extent that Paragraph might be construed to state allegations of fact, Payne denies them.

18.     Paragraph 18 of the Complaint states legal conclusions that do not require a response. To the extent that Paragraph might be construed to state allegations of fact, Payne avers that the email(s) described in Paragraph 18 is a document(s) that speaks for itself, and Payne denies all allegations that are inconsistent with that document(s). Payne further denies that Plaintiff had provided it with the requested certificate of insurance by April 11, 2023.

19.     Paragraph 19 of the Complaint states legal conclusions that do not require a response. To the extent that Paragraph might be construed to state allegations of fact, Payne avers that the email(s) described in Paragraph 19 is a document(s) that speaks for itself, and Payne denies all allegations that are inconsistent with that document(s).

20.     Paragraph 20 of the Complaint states legal conclusions that do not require a response. To the extent that Paragraph might be construed to state allegations of fact, Payne denies them.

21.     Paragraph 21 of the Complaint states legal conclusions that do not require a response. To the extent that Paragraph might be construed to state allegations of fact, Payne admits that Mr. Weil submitted the alleged FreightGuard Report to Carrier 411. Payne avers that the alleged FreightGuard Report is a document that speaks for itself, and Payne denies all allegations that are inconsistent with that document.

22.     Paragraph 22 of the Complaint states legal conclusions that do not require a response.  To the extent that Paragraph is deemed to state allegations of fact, Payne denies them.

23.     Paragraph 23 of the Complaint states legal conclusions that do not require a response.  To the extent that Paragraph is deemed to state allegations of fact, Payne avers that the federal regulation alleged in Paragraph 23 is a document that speaks for itself, and Payne denies all allegations that are inconsistent with that document.  Payne denies all other allegations of fact that Paragraph 23 might be construed to state.

24.     In response to Paragraph 24 of the Complaint, Payne avers that Exhibit 1 to the Complaint is a document that speaks for itself, and Payne denies all allegations that are inconsistent with that document.  Payne further avers that the written communication from Carrier 411 to Plaintiff alleged in Paragraph 24, too, is a document that speaks for itself, and Payne denies all allegations that are inconsistent with that document.

25.     Paragraph 25 of the Complaint states legal conclusions that do not require a response.  To the extent that Paragraph is deemed to state allegations of fact, Payne admits that Carrier 411 gives notices of "unreleased" FreightGuard reports to the brokers who post the reports, as well as to the carriers about whom the reports are made.  Payne denies all other fact allegations that Paragraph 25 might be construed to state.

26.     Paragraph 26 of the Complaint states legal conclusions that do not require a response.  To the extent that Paragraph is deemed to state allegations of fact, Payne lacks sufficient information to admit or deny those allegations and, on that basis, it denies them.

27.     Paragraph 27 of the Complaint states legal conclusions that do not require a response.  To the extent that Paragraph is deemed to state allegations of fact, Payne denies them.

28.     Paragraph 28 of the Complaint states legal conclusions that do not require a response.  To the extent that Paragraph is deemed to state allegations of fact, Payne denies that it is a "carrier," though it admits that it is a broker.  Payne denies all other fact allegations that Paragraph 28 might be construed to state.

29.     Payne lacks sufficient information to admit or deny the allegations in Paragraph 29 of the Complaint and, on that basis, it denies them.

30.     Paragraph 30 of the Complaint states legal conclusions that do not require a response.  To the extent that Paragraph is deemed to state allegations of fact, Payne admits that on the date alleged Plaintiff sent an email to Payne, and Payne avers that the email is a document that speaks for itself.  Payne denies all allegations inconsistent with that document's contents.

31.     Paragraph 31 of the Complaint states legal conclusions that do not require a response.  To the extent that Paragraph is deemed to state allegations of fact, Payne denies them.

32.     Paragraph 32 of the Complaint states legal conclusions that do not require a response.  To the extent that Paragraph is deemed to state allegations of fact, Payne admits that on or about the date alleged one of its representatives communicated with Plaintiff and advised that she had spoken to Mr. Weil.  Payne denies all other allegations that Paragraph 32 might be construed to state.

33.     Paragraph 33 of the Complaint states legal conclusions that do not require a response.  To the extent that Paragraph is deemed to state allegations of fact, Payne admits that on or about the date alleged Plaintiff emailed one of Payne's representatives.  That email is a document which speaks for itself, and Payne denies all allegations inconsistent with that document's contents.

34.     Paragraph 34 of the Complaint states legal conclusions that do not require a response.  To the extent that Paragraph is deemed to state allegations of fact, Payne admits that on or about the date alleged one of its representatives emailed Plaintiff.  That email is a document which speaks for itself, and Payne denies all allegations inconsistent with that document's contents.

35.     Paragraph 35 of the Complaint states legal conclusions that do not require a response.  To the extent that Paragraph is deemed to state allegations of fact, Payne admits that on or about the date alleged Plaintiff emailed one of Payne's representatives.  That email is a document which speaks for itself, and Payne denies all allegations inconsistent with that document's contents.

36.     Paragraph 36 of the Complaint states legal conclusions that do not require a response.  To the extent that Paragraph is deemed to state allegations of fact, Payne admits that on or about the date alleged one of Payne's representatives emailed Plaintiff.  That email is a document which speaks for itself, and Payne denies all allegations inconsistent with that document's contents.  Payne admits that it did not withdraw the FreightGuard Report alleged by Plaintiff, and it denies that there was any reason to withdraw the report.

37.     Paragraph 37 of the Complaint states legal conclusions that do not require a response.  To the extent that Paragraph is deemed to state allegations of fact, Payne admits that on or about the date alleged Plaintiff emailed one of Payne's representatives.  That email is a document which speaks for itself, and Payne denies all allegations inconsistent with that document's contents.

38.     Paragraph 38 of the Complaint states legal conclusions that do not require a response.  To the extent that Paragraph is deemed to state allegations of fact, Payne admits that it

did not withdraw the FreightGuard Report alleged by Plaintiff. Payne denies all other fact allegations Paragraph 38 might be construed to allege.

39.    Paragraph 39 of the Complaint states legal conclusions that do not require a response. To the extent that Paragraph is deemed to state allegations of fact, Payne lacks sufficient information to admit or deny the allegations and, on that basis, it denies them.

40.    Paragraph 40 of the Complaint states legal conclusions that do not require a response. To the extent that Paragraph is deemed to state allegations of fact, Payne lacks sufficient information to admit or deny the allegations and, on that basis, it denies them.

41.    Paragraph 41 of the Complaint states legal conclusions that do not require a response. To the extent that Paragraph is deemed to state allegations of fact, Payne lacks sufficient information to admit or deny the allegations and, on that basis, it denies them.

42.    Paragraph 42 of the Complaint states legal conclusions that do not require a response. To the extent that Paragraph is deemed to state allegations of fact, Payne lacks sufficient information to admit or deny the allegations and, on that basis, it denies them.

43.    Paragraph 43 of the Complaint states legal conclusions that do not require a response. To the extent that Paragraph is deemed to state allegations of fact, Payne lacks sufficient information to admit or deny the allegations and, on that basis, it denies them.

44.    Paragraph 44 of the Complaint states legal conclusions that do not require a response. To the extent that Paragraph is deemed to state allegations of fact, Payne lacks sufficient information to admit or deny the allegations and, on that basis, it denies them.

45.    Paragraph 45 of the Complaint states legal conclusions that do not require a response. To the extent that Paragraph is deemed to state allegations of fact, Payne admits that on

or about the date alleged, it submitted the alleged FreightGuard report to Carrier 411. Payne denies all other fact allegations that Paragraph 45 might be construed to state.

FIRST CAUSE OF ACTION – ALLEGED DEFAMATION AND DEFAMATION *PER SE*

46.     Payne incorporates herein, by reference, Paragraphs 1-45 of this Answer as if they were set forth verbatim here.

47.     Paragraph 47 of the Complaint states legal conclusions that do not require a response. To the extent that Paragraph is deemed to state allegations of fact, Payne lacks sufficient information to admit or deny those allegations and, on that basis, it denies them.

48.     Paragraph 48 of the Complaint states legal conclusions that do not require a response. To the extent that Paragraph is deemed to state allegations of fact, Payne avers that the FreightGuard Report in question is a document that speaks for itself, and Payne denies all allegations inconsistent with that document's contents.

49.     Paragraph 49 of the Complaint states legal conclusions that do not require a response. To the extent that Paragraph is deemed to state allegations of fact, Payne denies them.

50.     Paragraph 50 of the Complaint states legal conclusions that do not require a response. To the extent that Paragraph is deemed to state allegations of fact, Payne denies them.

51.     Paragraph 51 of the Complaint states legal conclusions that do not require a response. To the extent that Paragraph is deemed to state allegations of fact, Payne denies them.

52.     Paragraph 52 of the Complaint states legal conclusions that do not require a response. To the extent that Paragraph is deemed to state allegations of fact, Payne denies them.

53.     Paragraph 53 of the Complaint states legal conclusions that do not require a response. To the extent that Paragraph is deemed to state allegations of fact, Payne denies them.

54.     Paragraph 54 of the Complaint states legal conclusions that do not require a response. To the extent that Paragraph is deemed to state allegations of fact, Payne denies them.

55.    Paragraph 55 of the Complaint states legal conclusions that do not require a response.  To the extent that Paragraph is deemed to state allegations of fact, Payne denies them.

56.    Paragraph 56 of the Complaint states legal conclusions that do not require a response.  To the extent that Paragraph is deemed to state allegations of fact, Payne denies them.

57.    Paragraph 57 of the Complaint states legal conclusions that do not require a response.  To the extent that Paragraph is deemed to state allegations of fact, Payne denies them.

58.    Paragraph 58 of the Complaint states legal conclusions that do not require a response.  To the extent that Paragraph is deemed to state allegations of fact, Payne denies them.

59.    Paragraph 59 of the Complaint states legal conclusions that do not require a response.  To the extent that Paragraph is deemed to state allegations of fact, Payne denies them.

60.    Paragraph 60 of the Complaint states legal conclusions that do not require a response.  To the extent that Paragraph is deemed to state allegations of fact, Payne denies them.

61.    Paragraph 61 of the Complaint states legal conclusions that do not require a response.  To the extent that Paragraph is deemed to state allegations of fact, Payne denies them.

### SECOND CAUSE OF ACTION – ALLEGED TORTIOUS INTERFERENCE WITH BUSINESS EXPECTANCY

62.    Payne incorporates herein, by reference, Paragraphs 1-61 of this Answer as if they were set forth verbatim here.

63.    Paragraph 63 of the Complaint states legal conclusions that do not require a response.  To the extent that Paragraph is deemed to state allegations of fact, Payne lacks sufficient information to admit or deny those allegations and, on that basis, it denies them.

64.    Paragraph 64 of the Complaint states legal conclusions that do not require a response.  To the extent that Paragraph is deemed to state allegations of fact, Payne denies them.

65.     Paragraph 65 of the Complaint states legal conclusions that do not require a response. To the extent that Paragraph is deemed to state allegations of fact, Payne lacks sufficient information to admit or deny those allegations and, on that basis, it denies them.

66.     Paragraph 66 of the Complaint states legal conclusions that do not require a response. To the extent that Paragraph is deemed to state allegations of fact, Payne denies them.

67.     Paragraph 67 of the Complaint states legal conclusions that do not require a response. To the extent that Paragraph is deemed to state allegations of fact, Payne denies them.

68.     Paragraph 68 of the Complaint states legal conclusions that do not require a response. To the extent that Paragraph is deemed to state allegations of fact, Payne lacks sufficient information to admit or deny those allegations and, on that basis, it denies them.

69.     Payne hereby denies any and all allegations of fact set forth in Plaintiff's Complaint that are not otherwise admitted herein.

70.     The "Jury Demand" set forth in the Complaint does not require a response.

71.     The "Prayer for Relief" set forth in the Complaint states legal conclusions that do not require a response. To the extent that the "Prayer for Relief" is deemed to require a response, Payne denies that Plaintiff is entitled to any relief whatsoever.

## DEFENSES

### FIRST DEFENSE

The Complaint fails to state claims for which the Court may grant relief to Plaintiff.

### SECOND DEFENSE

The statements in the alleged FreightGuard Report were true and, therefore, none of those statements supports Plaintiff's claims.

- 11 -

THIRD DEFENSE

The FreightGuard Report on which Plaintiff's claims are based constitutes a privileged statement or communication and, therefore, it does not support Plaintiff's claims.

FOURTH DEFENSE

To the extent either of Plaintiff's claims is predicated upon a theory of negligence, Plaintiff was contributorily negligent in bringing about the report and, therefore, Plaintiff cannot recover a judgment against Payne.

WHEREFORE, Payne respectfully prays that this Court enter an Order, ADJUDGING, ORDERING and DECREEING that:

(1)     Judgment is entered against Plaintiff and in Payne's favor;

(2)     Payne has no duty to pay any amount whatsoever, on any account whatsoever, to Plaintiff;

(3)     Payne is awarded its costs of suit in this action; and

(4)     Payne is awarded all such other and further relief that the Court deems appropriate and just.

Respectfully submitted,

**PAYNE TRUCKING COMPANY**

By:  SETLIFF LAW, P.C.

_____ /s / Kevin T. Streit _____
Of Counsel

C. Stephen Setliff  (VSB No. 27882)
Kevin T. Streit  (VSB No. 45024)
SETLIFF LAW, P.C.
4940 Dominion Boulevard
Glen Allen, Virginia 23060
(804) 377-1260
(804) 377-1280 (facsimile)
csetliff@setlifflaw.com
kstreit@setlifflaw.com

*Counsel for Payne Trucking Company*

## CERTIFICATE OF SERVICE

I hereby certify that on this 2d day of February, 2024, a true copy of the foregoing is being served on the following counsel of record via the Court's ECF distribution system:

> Jason C. Greaves, Esq.
> Jared J. Roberts, Esq.
> Binnall Law Group, PLLC
> 717 King Street, Suite 200
> Alexandria, VA 22314
> *Counsel for Plaintiff*

_____
/s/ Kevin T. Streit
Kevin T. Streit (VSB No. 45024)
